NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALE BOCCHINO, | Civil Action No. 07-864 (PGS) |
| Plaintiff, | **OPINION** |
| v. | |
| TRUSTEES OF DISTRICT OF COUNCIL OF IRONWORKERS OF NORTHERN NEW JERSEY | |
| Defendants, | |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a request for reconsideration of the decision issued on April 23, 2008 pursuant to L. Rule 7 (i). The Court has reviewed the moving papers. The plaintiff argues that the decision is in error because the Court did not consider *Layaou v. Xerox Corporation*, 238 F. 3d 205 (2nd Cir. 2005). *Layaou* is distinguishable from the case at hand. In *Layaou*, the plaintiff was given an annual statement advising him of his estimated pension benefits. Earlier in his career, Layaou was laid-off. At that time, he took a lump sum distribution (approximately $1,000) of his pension benefit. At some point, he returned to work at Xerox and in one annual statement his estimated benefit was $924 per month. The statement furthered that his benefits "will grow as your length of service and your earnings increase . . . and may be reduced if you retire early or opt for another retirement plan". Thereafter, Layaou retired, and Xerox calculated his pension benefit

1

reducing it by an enhanced lump sum that was previously distributed. Layaou did not expect that the lump sum would be enhanced. By enhanced is meant that the lump sum would be increased to reflect the amount that it would have been if it had not been distributed. Hence, the lump sum reduction was substantially greater than anticipated. As a result, Layaou received a pension of $145 per month. The calculation of an enhanced lump sum distribution was never disclosed in the plan document. The Court held that the use of this "phantom accounting" was not disclosed to beneficiaries, and hence did not comply with ERISA disclosure requirements. 29 U.S.C. §1022(a).

In contrast in this case, there was some disclosure in the Plan Summary regarding delayed retirement, albeit not perfect. In addition, at the time of plaintiff's decision to retire, Bocchino was advised that plaintiff's pension would be $2,762.80 per month. Hence, he relied on that amount when deciding to retire. The Court recognizes that in the interim period between his decision to retire and the date of retirement, Bocchino was advised that his pension would be $4,173.50 per month which was a clear mistake that was corrected relatively quickly. In addition, the correct benefit was $3,182.76 which exceeded the original estimate. This is different from *Layaou* where there was no disclosure and the benefit was drastically reduced.

The plaintiff also argues the Court employed the wrong standard of review; but suffice to say, the Court stands on its decision.

The Court does not find any "matter or controlling decision . . . [having been] overlooked". L. Rule 7.1( i). Accordingly, the motion for reconsideration is denied.

                                                          /s/ Peter G. Sheridan
                                                          PETER G. SHERIDAN, U.S.D.J.

July 31, 2008